**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LADONNA MARIE RATHEL, | Case No.: 3:23-cv-00144-LRH-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF Nos. 16, 20 |
| MARTIN O'MALLEY, Commissioner of Social Security Administration, | |
| Defendant | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Reversal and Remand. (ECF No. 16.) The Commissioner filed a Cross-Motion to Affirm and Opposition to Plaintiff's motion. (ECF Nos. 20, 21.) Plaintiff filed a reply. (ECF No. 22.)

After a thorough review, it is recommended that Plaintiff's motion be granted; the Commissioner's cross-motion to affirm be denied; and that this matter be remanded for further proceedings.

**I. BACKGROUND**

On June 25, 2020, Plaintiff completed an application for disability insurance benefits (DIB) under Title II of the Social Security Act, and on April 20, 2020, she completed an application for for supplemental security income (SSI) under Title XVI of the Social Security

1 | Act, alleging disability as of July 1, 2019. (Administrative Record (AR) 549-563.) The

2 | applications were denied initially and on reconsideration. (AR 388-389, 432-433.)

3 |      Plaintiff requested a hearing before an administrative law judge (ALJ). ALJ Wynne

4 | O'Brien-Persons held a hearing on February 23, 2022. (AR 297-323.) Plaintiff, who was

5 | represented by counsel, appeared, and testified on her own behalf at the hearing. Testimony was

6 | also taken from a vocational expert (VE). On March 30, 2022, the ALJ issued a decision finding

7 | Plaintiff not disabled. (AR 22-39.) Plaintiff requested review, and the Appeals Council denied

8 | the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-3.)

9 |      Plaintiff then commenced this action for judicial review under 42 U.S.C. § 405(g).

10 | Plaintiff argues that the ALJ's residual functional capacity assessment is unsupported by

11 | substantial evidence because the ASJ failed to properly evaluate Plaintiff's subjective complaints

12 | pursuant to Social Security Ruling (SSR) 16-3P.

13 |      The Commissioner argues that the ALJ reasonably discounted Plaintiff's self-reports.

14 | **II. STANDARDS**

15 | **A. Five-Step Evaluation of Disability**

16 |      Under the Social Security Act, "disability" is the inability to engage "in any substantial

17 | gainful activity by reason of any medically determinable physical or mental impairment which

18 | can be expected to result in death or which has lasted or can be expected to last for a continuous

19 | period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or

20 | her physical or mental impairment(s) are so severe as to preclude the claimant from doing not

21 | only his or her previous work but also, any other work which exists in the national economy,

22 | considering his age, education, and work experience. 42 U.S.C. § 1382c(a)(3)(B).

23 |

1    The Commissioner has established a five-step sequential process for determining whether

2   a person is disabled.  20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S.

3   137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is

4   engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is

5   denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the

6   claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

7    The second step requires the Commissioner to determine whether the claimant's

8   impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and

9   § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly

10  limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has

11  an impairment that is severe, the Commissioner proceeds to step three.

12    In the third step, the Commissioner looks at a number of specific impairments listed in

13  20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the

14  claimant's impairment meets or is the equivalent of one of the Listed Impairments. 20 C.F.R.

15  § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed

16  Impairments are severe enough to preclude any gainful activity, regardless of age, education or

17  work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or

18  equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively

19  presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's

20  impairment is severe, but does not meet or equal one of the Listed Impairments, the

21  Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

22    At step four, the Commissioner determines whether the claimant can still perform "past

23  relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past

1 relevant work is that which a claimant performed in the last 15 years, which lasted long enough

2 for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and

3 § 416.920(a).

4        In making this determination, the Commissioner assesses the claimant's residual

5 functional capacity (RFC) and the physical and mental demands of the work previously

6 performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*,

7 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her

8 limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner

9 must assess all evidence, including the claimant's and others' descriptions of the limitation(s),

10 and medical reports, to determine what capacity the claimant has for work despite his or her

11 impairments. 20 C.F.R. § 404.1545(a)(3) and  416.945(a)(3).

12        A claimant can return to previous work if he or she can perform the work as he or she

13 actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties

14 of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and

15 job duties of the [past] occupation as generally required by employers throughout the national

16 economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and

17 citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20

18 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

19        If, however, the claimant cannot perform past relevant work, the burden shifts to the

20 Commissioner to establish at step five that the claimant can perform other work available in the

21 national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42,

22 144. This means "work which exists in significant numbers either in the region where such

23 individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*,

1│740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC,

2│age, education, and past work experience to determine whether the claimant can do other work.

3│*Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the

4│testimony of a VE or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

5│1999).

6│        If the Commissioner establishes at step five that the claimant can do other work which

7│exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b),

8│§ 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any

9│other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also*

10│*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v.*

11│*Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

12│**B. Judicial Review & Substantial Evidence**

13│        The court must affirm the ALJ's determination if it is based on proper legal standards and

14│the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522

15│(citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a

16│preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

17│support a conclusion.'" *Id.* at 522-23 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir.

18│2012)).

19│        To determine whether substantial evidence exists, the court must look at the record as a

20│whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*,

21│740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may

22│not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*,

23│759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th

Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id*. (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## III. DISCUSSION

### A. ALJ's Findings in this Case

At step one, the ALJ found Plaintiff met the insured status requirements through March 31, 2022, and she had not engaged in substantial gainful activity since the alleged onset date of July 1, 2019. (AR 28.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: cervical degenerative disc disease status post fusion with left radiculopathy, and lumbar degenerative disc disease. (AR 28.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 30.)

1    At step four, the ALJ assessed Plaintiff as having the RFC to perform light work, except

2 should could only occasionally climb stairs/ramps and ladders/ropes/scaffolds; she could engage

3 in frequent balancing, no crawling, and occasional stooping, kneeling and crouching; she could

4 engage in frequent left reaching in all directions and frequent left handling/fingering; she could

5 have no exposure to hazards and only occasional exposure to vibrations; she could sit or stand

6 for 30 minutes at one time and needs to adjust briefly for 1 to 2 minutes every 30 minutes; and

7 she would be off task for 3-5% of the workday. (AR 30.)

8    The ALJ then concluded Plaintiff was able to perform her past relevant work as an order

9 clerk and as a data entry person. (AR 37.)

10    As a result, the ALJ found Plaintiff not disabled from July 1, 2019, through the date of

11 the decision. (AR 39.)

12 **B. Subjective Symptom Complaints**

13    **1. Standard**

14    Evaluating a claimant's subjective symptom testimony "becomes important at the stage

15 where the ALJ is assessing residual functional capacity, because the claimant's subjective

16 statements may tell of greater limitations than can medical evidence alone." *Tonapetyan v.*

17 *Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citing Social Security Ruling (SSR) 96-7P).[1]

18    "Such testimony is inherently subjective and difficult to measure." *Coleman v. Saul,* 979

19 F.3d 751, 755-56 (9th Cir. 2020). This evaluation is often crucial to a finding of disability. *Id.*

20 (citing *Fair v. Bowen,* 885 F.2d 597, 602 (9th Cir. 1989)).

21

22  [1] Social Security Administration (SSA) previously referred to this as a credibility determination. SSR 96-7P. SSA subsequently eliminated use of the term "credibility." SSA has clarified that "subjective symptom evaluation is not an examination of an individual's character." Instead, the
23 adjudicator considers all of the evidence in evaluating the intensity and persistence of a claimant's symptoms. SSR 16-3P.

There is a two-step test for evaluating a claimant's subjective symptom testimony:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.

> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal quotation marks and citations omitted, emphasis original); *see also Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

An ALJ may consider various factors in evaluating the allegedly disabling subjective symptoms, including: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; treatment, other than medication, received for relief of symptoms; any measures a claimant has used to relieve symptoms; and other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c), § 416.929(c); SSR 16-3P, 2017 WL 5180304 (Oct. 25, 2017).

**2. Plaintiff's Subjective Complaints**

Plaintiff had cervical spine surgery in 2012, and back surgery in 2013. She is out of the workplace due to complaints of daily back and neck pain. She testified that she was taking oxymorphone for pain. (AR 287.) She also testified that her pain medications make her tired, and sometimes nauseated. (AR 292.) Her function statement dated April 28, 2021, indicated that she

1 | was no longer taking any medications for her conditions because she did not like the

2 | medications. (AR 646.) Her neck hurts when she looks left, right, or up or down. She gets

3 | increased pain if she uses her arms too much. (AR 291.)

4 |      Plaintiff testified that she sits in her recliner a lot, and does crocheting and little things

5 | around the house, though her function statement indicates she could no longer crochet. She

6 | watches television and listens to music, and communicates with her children by video chat a few

7 | times a week. She can shower, dress, and make a simple dinner. (AR 640-41, 643.) She cleans,

8 | including doing laundry and loading the dishwasher. (AR 642.) She also does the shopping for

9 | food, pet and household items, and gets gas. (AR 642.) She is able to drive. She has two little

10 | dogs she takes care of. (AR 283.) She can do household activities for five to ten minutes before

11 | needing to take a break for fifteen minutes to a half hour. (AR 290.) Her function statement says

12 | that she does mowing, but it hurts her terribly. (AR 641.) She spends time with others on the

13 | phone and by text and video chat, and sometimes has sushi with others. (AR 643.)

14 |      She can walk maybe a block or half a block (AR 287), but her function statement said she

15 | could walk a block or two before needing to rest (AR 644). She can sit for ten to fifteen minutes,

16 | and stand for ten to fifteen minutes. (AR 287.) She is in pain and discomfort if she stands or sits

17 | for too long. AR 640.) Lifting, reaching, bending, and turning her neck causes her agony and

18 | strain. (AR 640.) At the time of her hearing, she was using a cane for stabilization whenever she

19 | left the house. (AR 290.)

20 | **3. The ALJ's Findings**

21 |      The ALJ found that Plaintiff's medically determinable impairments could reasonably be

22 | expected to cause the alleged symptoms. However, the ALJ concluded that Plaintiff's statements

23 |

concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

First, the ALJ said that Plaintiff's subjective complaints were inconsistent because her activities of daily living substantially support that she is not as limited as she alleges. By way of example, the ALJ pointed out that Plaintiff lives alone in a house, does her personal care, self-administers her medications, and cares for a dog and cat. She prepares simple meals and does household chores, such as cleaning, doing laundry, doing dishes, and moving the lawn. She goes outside on a daily basis, and travels by walking, driving a car or riding in a car, and is able to go out alone. She shops in stores and by phone, and is able to handle her money/finances. Plaintiff's hobbies or interests include watching television, crocheting, shooting pool and going to the dog park, though she stated she could no longer crochet or shoot pool. She spends time with others talking on the phone, video chatting and texting, and goes to sushi with others and to visit. She can walk a block or two before needing to rest for five to ten minutes. The ALJ acknowledges she testified she uses a cane and walker, which she got a month prior at the VA. (AR 31.)

The ALJ then summarized Plaintiff's medical records, and assessed the medical opinions. The ALJ noted Plaintiff did report substantial benefit from the spinal cord stimulator for a period of time, which was consistent with her activities of daily living, including that she lives alone, does personal care, self-administers medications, cares for a dog and cat, prepares simple meals, and does chores such as cleaning, laundry, dishes and mowing the yard, drives a car and shops in stores. (AR 37.)

**4. Analysis**

"'We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never identified *which*

testimony she found not credible, and never explained *which* evidence contradicted that

testimony.'" *Lambert v. Saul,* 980 F.3d 1266, 1277 (9th Cir. 2020) (emphasis original, quoting

*Brown-Hunter v. Colvin,* 806 F.3d 487, 494 (9th Cir. 2015)). "Our cases do not require ALJs to

perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft

dissertations when denying benefits." *Id*. (citation omitted). "But our precedents plainly required

the ALJ to do more than was done here, which consisted of offering non-specific conclusions

that [the claimant's] testimony was inconsistent with her medical treatment." *Id*. "[P]roviding a

summary of medical evidence in support of a residual functional capacity finding is not the same

as providing clear and convincing *reasons* for finding the claimant's symptom testimony not

credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The ALJ must connect the

testimony to the particular parts of the record. *Id*.

Here, the ALJ summarized the medical evidence and discussed some of Plaintiff's daily

activities, but did not explain which evidence contradicted which subjective symptom statement.

In addition, with respect to the daily activities, "[e]ngaging in daily activities that are

incompatible with the severity of symptoms alleged can support an adverse credibility

determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (citations omitted). This

is if "a claimant is able to spend a substantial part of his day engaged in pursuits involving the

performance of physical functions that are transferable to a work setting." *Id*. (citation and

quotation marks omitted).

"ALJs must be especially cautious in concluding that daily activities are inconsistent with

testimony about pain, because impairments that would unquestionably preclude work and all the

pressures of a workplace environment will often be consistent with doing more than merely

resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (citations

1  omitted). Only if the "level of activity [is] inconsistent with [the claimant's] claimed limitations

2  would these activities have any bearing on [the claimant's] credibility." *Id*. (quotation marks and

3  citation omitted). Instead, an ALJ can properly discount a claimant's testimony when the daily

4  activities demonstrate an inconsistency between what the claimant can do and the degree that

5  disability is alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012).

6      That a claimant can participate in some activities does not contradict evidence of

7  otherwise severe problems encountered in daily life during the relevant period. *Diedrich v.*

8  *Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017.) Household chores, cooking simple meals, self-

9  grooming, paying bills, writing checks, and caring for a pet in one's own home, and occasional

10 shopping are not similar to typical work responsibilities. *Id*. (citation omitted).

11     Yet, these are precisely the activities the ALJ relied on in discrediting Plaintiff's

12 subjective complaints. Moreover, the ALJ does not explain what testimony is being discredited

13 in light of her activities of daily living and why.

14     Finally, the ALJ focused on the fact that Plaintiff received some relief from the

15 placement of the spinal cord stimulator, but Plaintiff maintains the relief was short-lived, and her

16 condition continued to deteriorate.

17     In sum, the ALJ did not offer specific, clear and convincing reasons for rejecting

18 Plaintiff's subjective symptom statements. Therefore, the ALJ erred.

19     Plaintiff has requested that this matter be remanded for further administrative

20 proceedings, and the court agrees this is the proper course of action.

21                        **IV. RECOMMENDATION**

22     IT IS HEREBY RECOMMENDED that the District Judge enter an order

23 **GRANTING** Plaintiff's motion to reverse and/or remand (ECF No. 16);

1 **DENYING** the Commissioner's cross-motion (ECF No. 20);

2 and **REMANDING** this matter for further proceedings consistent with this Report and

3 Recommendation..

4      The parties should be aware of the following:

5      1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

6 this Report and Recommendation within fourteen days of being served with a copy of the Report

7 and Recommendation. These objections should be titled "Objections to Magistrate Judge's

8 Report and Recommendation" and should be accompanied by points and authorities for

9 consideration by the district judge.

10      2. That this Report and Recommendation is not an appealable order and that any notice of

11 appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

12 until entry of judgment by the district court.

13

14 Dated: May 20, 2024

15

16                              Craig S. Denney
                                United States Magistrate Judge

17

18

19

20

21

22

23