UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LADONNA MARIE RATHEL,<br><br>        Plaintiff,<br><br>vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. 3:23-cv-00144-ART-CSD<br><br>ORDER |

  Plaintiff Ladonna Marie Rathel brings this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Administrative Law Judge ("ALJ") of the Social Security Administration, denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act and her application for a supplemental security income under Title XVI of the Social Security Act. (ECF No. 16.) Before this Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig Denney (ECF No. 23), recommending that the Court grant Plaintiff's motion for reversal and/or remand (ECF No. 16), deny Defendant Martin O'Malley's, Commissioner of Social Security Administration, cross-motion to affirm (ECF No. 20), and remand this matter for further administrative proceedings. No objection to the R&R has been filed by either party, and the time to do so has passed. After carefully reviewing the relevant documents, the Court is satisfied that Judge Denney did not clearly err and adopts the R&R in full.

  When neither party objects to an R&R, the Court "need only satisfy itself that there is no clear error on the face of the record" in order to accept it. Fed. R. Civ. P. 72, Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations."). The "clearly

1   erroneous" standard is deferential, requiring a "definite and firm conviction that
2   a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242
3   (2001) (citation omitted). In the instant case, because neither party objected to
4   the R&R, the Court reviews it for clear error.

5         The five-step legal standard for the evaluation of disability under the Social
6   Security Act is properly set forth in the R&R, and the Court adopts that portion
7   of the R&R by reference. (ECF No. 45 at 2–5.) Upon appeal of an ALJ's final
8   decision, the ALJ's factual findings are reviewed for substantial evidence, which
9   is "more than a mere scintilla but less than a preponderance; it is such relevant
10  evidence as a reasonable mind might accept as adequate to support a
11  conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir.
12  2014) (internal quotation omitted). "If the evidence can reasonably support either
13  affirming or reversing, the reviewing court may not substitute its judgment for
14  that of the Commissioner." *Id.* at 523 (internal quotation omitted). "Nevertheless,
15  a decision supported by substantial evidence will still be set aside if the ALJ did
16  not apply proper legal standards." *Id.* (internal quotation omitted).

17        In the instant case, Judge Denney recommends that the Court grant
18  Plaintiff's motion for reversal and/or remand (ECF No. 16), deny the
19  Commissioner's cross-motion to affirm (ECF No. 20), and remand this matter for
20  further administrative proceedings. (ECF No. 23.) Judge Denney's
21  Recommendation is based upon his determination that the ALJ erred by not
22  offering specific, clear and convincing reasons for rejecting Plaintiff's subjective
23  symptom testimony during the fourth step of the five-step legal standard for
24  evaluation of disability under the Social Security Act. (*Id.* at 10–11.)

25        At step four of the five-step legal standard for evaluation of disability under
26  the Social Security Act, the Commissioner determines whether the claimant can
27  still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv),
28  416.920(a)(4)(iv). A claimant is not disabled if he or she can perform past relevant

work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). In making a determination, the Commissioner assesses the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work previously performed. 20 C.F.R. §§ 404.1565(a), 416.920(a)(4)(iv), 404.1520(a)(4)(iv); *see also Berry*, 622 F.3d at 1231. The claimant's RFC is what the claimant can do despite the limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's description of limitations. *Id.*

Evaluating a claimant's subjective symptom testimony "becomes important at the stage where the ALJ is assessing [RFC], because the claimant's subjective statements may tell of greater limitations than can medical evidence alone." *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citation omitted). There is a two-step test for evaluating a claimant's subjective symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (internal citations omitted). If the claimant satisfies the first step of the test, "and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks and citations omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (internal quotation marks and citations omitted).

In the instant case, Judge Denney's R&R considers the ALJ's assessment of Plaintiff's RFC at step four of the five-step legal standard for evaluation of disability. (ECF No. 23 at 7 (citation omitted).) At step four, the ALJ concluded that Plaintiff was not disabled during the relevant period because Plaintiff was able to perform her past relevant work. (*Id.*) However, upon review, Judge Denney determines that the ALJ erred by not offering specific, clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony. (*Id.* at 12.) For

1 example, Judge Denney points out that, while the ALJ summarized the medical
2 evidence and discussed some of Plaintiff's daily activities, the ALJ failed to
3 explain which evidence contradicted which portion of Plaintiff's subjective
4 symptom testimony. (*Id.* at 11.)

5      An ALJ fails to provide specific, clear, and convincing reasons for rejecting
6 the claimant's subjective testimony when "the ALJ never identified *which*
7 testimony she found not credible, and never explained *which* evidence
8 contradicted that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir.
9 2020) (emphasis in original) (internal quotation and citation omitted). The ALJ
10 must do more than offer "non-specific conclusions that [the claimant's]
11 testimony was inconsistent with her medical treatment." *Id.* (internal citations
12 omitted). "[P]roviding a summary of medical evidence in support of a [RFC]
13 finding is not the same as providing clear and convincing *reasons* for finding the
14 claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d
15 487, 494 (9th Cir. 2015) (emphasis in original).

16      After carefully reviewing the R&R and the administrative record in the
17 context of the clearly erroneous standard, the Court concludes that Judge
18 Denney did not clearly err and adopts the R&R in full.

19      It is therefore ordered that Judge Denney's Report and Recommendation
20 (ECF No. 23) is accepted and adopted in full.

21      It is further ordered that Plaintiff's motion for reversal and/or remand
22 (ECF No. 16) is granted.

23      It is ordered that the Commissioner's cross-motion to affirm (ECF No. 20)
24 is denied.

25 ///
26 ///
27 ///
28 ///

It is further ordered that this matter be remanded for further administrative proceedings.

Dated this 1st day of July 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE